1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8

9

10

11

12

13

14

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>          Plaintiff,<br><br>    v.<br><br>TERESSITA DIRIGE, et al.,<br><br>          Defendants. | ) 1:14-cv-01101-BAM<br>)<br>) ORDER DISMISSING COMPLAINT WITH<br>) LEAVE TO FILE AMENDED COMPLAINT<br>) WITHIN THIRTY DAYS<br>) (ECF No. 1)<br>)<br>) ORDER DENYING MOTION TO<br>) CONSOLIDATE<br>) (ECF No. 5)<br>) |

15

16          Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma

17   pauperis in this civil rights action.  Plaintiff complaint, filed on July 14, 2014, is currently before

18   the Court for screening pursuant to 28 U.S.C. § 1915.  Also pending before the Court is

19   Plaintiff's motion to consolidate this matter with Cranford v. Ahlin, et al., 1:14-cv-01131-MJS

20   and Cranford v. Seats, et al., 1:14-cv-01102-MJS.

21      **I.**      **Screening Requirement**

22          "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the

23   court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails

24   to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

25          A complaint must contain "a short and plain statement of the claim showing that the

26   pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

27   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

28   conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173

1

1   L.Ed.2d 868 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550.S. 544, 555 (2007)). Plaintiff must

2   set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

3   its face.'" <u>Id.</u> (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true,

4   legal conclusions are not. <u>Id.</u>

5       **II.    Allegations in Complaint**

6           Plaintiff names Teressita Dirige, Jessice C., Jeassinica Seats, and Brian Martinez as

7   defendants.  Plaintiff alleges that on July 5, 2014, he approached defendants about an extremely

8   painful bunion that was bleeding and causing pain.  Defendants refused to summon medical aid

9   for two days.

10          Plaintiff also alleges that he is forced to sleep in a dorm where he is assaulted on a daily

11  basis and that his HIPAA rights have been violated by the dissemination of confidential medical

12  information.

13      **III.    Discussion**

14        **A. Medical Care & Failure to Protect**

15      As a civil detainee, Plaintiff's rights to medical care and personal safety are protected by the

16  substantive component of the Due Process Clause of the Fourteenth Amendment. <u>Youngberg v.</u>

17  <u>Romeo</u>, 457 U.S. 307, 315 (1982). Under this provision of the Constitution, Plaintiff is "entitled

18  to more considerate treatment and conditions of confinement than criminals whose conditions of

19  confinement are designed to punish." <u>Jones v. Blanas</u>, 393 F.3d 918, 931 (9th Cir. 2004)

20  (quoting <u>Youngberg</u>, 457 U.S. at 321-22); <u>cf.</u> <u>Clouthier v. County of Contra Costa</u>, 591 F.3d

21  1232, 1243-44 (9th Cir. 2010) (pretrial detainees, who are confined to ensure their presence at

22  trial, are afforded only those protections provided by the Eighth Amendment).  Thus, to avoid

23  liability, Defendants' decisions must be supported by "professional judgment."  <u>Youngberg</u>, 457

24  U.S. at 323. A defendant fails to use professional judgment when his or her decision is "such a

25  substantial departure from accepted professional judgment, practice, or standards as to

26  demonstrate that [he or she] did not base the decision on such a judgment." <u>Youngberg</u>, 457 U.S.

27  at 323.

28

1    Here, Plaintiff's allegations fail to state a claim under this standard for his medical care or for

2    his claim of failure to protect.  With regard to medical care, at best Plaintiff has alleged that he

3    complained of a painful bunion, but he has not identified any resulting harm or consequences

4    resulting from the pain or from Defendants' purported failure to summon medical assistance for

5    two days.  In the absence of any such allegations, Defendants' conduct appears to be supported

6    by professional judgment that Plaintiff did not require any treatment.  The absence of any

7    apparent consequence or harm also suggests that Plaintiff was treated within accepted standards

8    of professional judgment.

9    With regard to his allegation that he is required to sleep in a dorm and is subjected to

10   repeated assaults, this is insufficient to state a constitutional claim based on a failure to protect.

11   The allegations do not identify any threatened acts that Defendants could or should have acted to

12   prevent.  While Plaintiff has a liberty interest in safe conditions of confinement, Youngberg, 457

13   U.S. at 315, and care that is professionally acceptable. Id. at 321, his allegations are not sufficient

14   to state a claim under applicable standards.

15   Plaintiff will be given leave to amend his complaint to cure these deficiencies.

16   **B.  HIPAA Violation**

17   HIPAA provides no private right of action and therefore, Plaintiff's HIPAA claim fails as

18   a matter of law.  Seaton v. Mayberg, 610 F.3d 530, 533 (9th Cir. 2010) (citing Webb v. Smart

19   Document Solutions, LLC, 499 F3d 1078, 1081 (9th Cir. 2007)).

20   To the extent that Plaintiff's claim can be construed as one also brought for violation of

21   his constitutional rights under 42 U.S.C. § 1983, the complaint is devoid of any support for a

22   claim that Defendants violated Plaintiff's right to informational privacy under the Due Process

23   Clause of the Fourteenth Amendment.  Seaton, 610 F.3d at 537-41.  Plaintiff's allegations are

24   conclusory at best.

25   **IV.   Motion To Consolidate**

26   Federal Rule of Civil Procedure 42(a) permits the court to consolidate actions involving a

27   common question of law or fact if doing so serves the purposes of judicial economy and

28   convenience. "The district court has broad discretion under this rule to consolidate cases pending

3

1   in the same district." Investors Research Co. v. United States District Court for the Central

2   District of California, 877 F.2d 777 (9th Cir. 1989). In determining whether to consolidate

3   actions, the court weighs the interest of judicial convenience against the potential for delay,

4   confusion, and prejudice caused by consolidation. Southwest Marine, Inc., v. Triple A. Mach.

5   Shop, Inc., 720 F.Supp. 805, 807 (N.D. Cal. 1989).

6      Plaintiff moves to consolidate the following cases with the instant action:  Cranford v. Ahlin,

7   et al., 1:14-cv-01131-MJS and Cranford v. Seats, et al., 1:14-cv-01102-MJS.  He filed motions to

8   consolidate in each of these cases.  His motion to consolidate in Case No. 1:14-cv-01131-MJS

9   was denied on September 9, 2014.  His motion to consolidate in Case No. 1:14-cv-01102 was

10  denied on August 25, 2014.

11     Plaintiff argues that these cases share common questions of law and fact.  However, Plaintiff

12  fails to identify the common questions of law and fact.  He also fails to identify any relationship

13  between the cases or demonstrate that consolidation would serve the purposes of economy and

14  judicial convenience.  Further, the Court cannot determine whether these cases share common

15  questions because there is no operative complaint on file in Cranford v. Seats and the instant

16  complaint shall be dismissed with leave to amend.

17     For these reasons, Plaintiff's motion to consolidate shall be denied.

18  **V.      Conclusion and Order**

19     For the above reasons, Plaintiff fails to state a claim for which relief may be granted against

20  any defendant.  As Plaintiff is proceeding pro se, he will be given an opportunity to amend his

21  complaint to the extent that he can do so in good faith.  See Lopez v. Smith, 203 F.3d 1122, 1127

22  (9th Cir. 2000).

23       Plaintiff may not change the nature of this suit by adding new, unrelated claims in his

24  amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

25  complaints).

26       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

27  each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal,

28  556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations

1  must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S.

2  at 555 (citations omitted).

3         Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

4  <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended

5  complaint must be "complete in itself without reference to the prior or superseded pleading."

6  Local Rule 220.

7         Based on the foregoing, it is HEREBY ORDERED that:

8         1.  Plaintiff's complaint is dismissed with leave to amend;

9         2.  Plaintiff's motion to consolidate, filed on July 30, 2014, is DENIED;

10        3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an

11 amended complaint; and

12        4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action</u>

13 <u>will be dismissed for failure to obey a court order and for failure to state a claim.</u>

14

15 IT IS SO ORDERED.

16     Dated:    **October 6, 2014**               /s/ *Barbara A. McAuliffe*

17                                        UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28