1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD, | ) 1:14-cv-01101-BAM |
| Plaintiff, | ) )  ORDER DISMISSING FIRST AMENDED |
| v. | ) COMPLAINT WITH LEAVE TO FILE ) AMENDED COMPLAINT WITHIN THIRTY ) DAYS |
| TERESSITA DIRIGE, et al., | ) (ECF No. 14) ) |
| Defendants. | ) ) |
| _____ | ) |

Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action.  Plaintiff initiated this action on July 14, 2014.  On October 7, 2014, the Court dismissed Plaintiff's complaint with leave to amend.  Plaintiff first amended complaint, filed on October 20, 2014, is currently before the Court for screening pursuant to 28 U.S.C. § 1915.

## I.    Screening Requirement

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173

L.Ed.2d 868 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id.</u> (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. <u>Id.</u>

## II.     Allegations in Complaint

Plaintiff names the following defendants:  (1) Kamala Harris, California Attorney General; (2) Ebony Smith; (3) Lora Celis; (4) Pam Ahlin; and (5) Christina Crawford.

In relevant part, Plaintiff alleges as follows:

> Defendant TERESSITA DIRIGE and compony was assianed to unit one of C. S. H. when plaintiff was assalted by an nother patient in the legs and groine prioure to the assalt there was a violent verbal out burst about the hipaa standard being inforced and threats of violeance was annoused there for the defendant and freands where fully awire that plinatiff was soon to be assalted and when the assalt did take place all consearned fiailed to take steps to deture or stop the assalt from takeing place however once the assalt had indeed taken place the plaintiff informed defeandent and her fellow workers that he was in erious need if a doctor because plaintiff searsley beleaved that he had physicaly been damaged beyond repaire medical care was denied and with heald for the remainder of the shift which was a good 4 hours.

(ECF No. 14, pp. 4-5) (unedited text).

## III.     Discussion

Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim.  Plaintiff will be given a final opportunity to amend his complaint to state a claim.  To assist Plaintiff, the Court provides the applicable pleading and legal standards.  Plaintiff should amend only those claims that he believes, in good faith, are cognizable.  Plaintiff also is cautioned that he may not add new claims to this action.

### A.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also <u>Twombly</u>, 550 U.S. at 556–557.

Here, Plaintiff's complaint is short, but does not contain a plain statement of his claims showing that he is entitled to relief.  Plaintiff's complaint is disjointed and difficult to understand, filled with typographical errors and conclusory statements.  Plaintiff's allegations are not sufficient to clearly state what happened, when it happened and who was involved.

**B.  Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. <u>See Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir.1978).

Here, Plaintiff fails to link Defendants Kamala Harris, Ebony Smith, Pam Ahlin or Christina Crawford to a constitutional violation. Plaintiff may not simply lump all defendants together in his complaint.  Plaintiff will be given leave to cure this deficiency. If Plaintiff elects to amend his complaint, he must allege what each individual defendant did or did not do that resulted in a violation of his rights.

**C.  Medical Care & Failure to Protect**

As a civil detainee, Plaintiff's rights to medical care and personal safety are protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. <u>Youngberg v.</u>

Romeo, 457 U.S. 307, 315 (1982). Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Youngberg, 457 U.S. at 321-22); cf. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (pretrial detainees, who are confined to ensure their presence at trial, are afforded only those protections provided by the Eighth Amendment). Thus, to avoid liability, Defendants' decisions must be supported by "professional judgment." Youngberg, 457 U.S. at 323. A defendant fails to use professional judgment when his or her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [he or she] did not base the decision on such a judgment." Youngberg, 457 U.S. at 323.

Here, Plaintiff's allegations fail to state a claim under this standard for his medical care or for his claim of failure to protect. The Court cannot ascertain from Plaintiff's allegations what happened, where it happened or what defendants did or did not do that violated Plaintiff's constitutional rights. Plaintiff's conclusory statements are not sufficient to state a claim.

Plaintiff will be given leave to amend his complaint to cure these deficiencies.

### IV.    Conclusion and Order

For the above reasons, Plaintiff fails to state a claim for which relief may be granted against any defendant. As Plaintiff is proceeding pro se, he will be given a final opportunity to amend his complaint to the extent that he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations

must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

3. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **October 27, 2014**            */s/ Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

5