# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>              Plaintiff,<br><br>   v.<br><br>TERESSITA DIRIGE, et al.,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:14-cv-01101-BAM<br><br>ORDER DISMISSING ACTION FOR<br>FAILURE TO STATE A CLAIM<br>(ECF No. 20) |

Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. Plaintiff initiated this action on July 14, 2014. On October 7, 2014, the Court dismissed Plaintiff's complaint with leave to amend. Plaintiff filed a first amended complaint on October 20, 2014. On October 28, 2014, the Court dismissed Plaintiff's first amended complaint with leave to amend. On December 1, 2014, the Court granted Plaintiff a thirty-day extension of time to file his amended complaint. On December 10, 2014, Plaintiff filed a document entitled "Motion for Second Amended Complaint." (ECF No. 20.) Although titled as a motion, the substance of the document appears to be Plaintiff's second amended complaint. Accordingly, the Court will screen the document as a second amended complaint.

## I.     Screening Requirement

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.

## II.  Allegations in Complaint

Plaintiff names Teressita Dirige "and compoeny" as defendants.

Plaintiff alleges as follows:

In August of 2013 defendant Teressita Dirige and compoeny failed to adqutley protect plaintiff from being assalted and injuard by fellow patients and once the attack had ended all failed to provide protection of future attacks and provide prompt profeshent profeshional medical care all the defendants where hired and assined to summons adequite meducal care is readerned and plaintiff receved the medical as states in (youngberg) and that the protection continues once the threat to plaintiffs safty has passed but plaintiff did not receve the medical care that hewad serisousley in need of as well as the safty what should have been done was once the medical care hhad been reandered plaintiff should have been reassined and assigned a single room and securty rersonal assined and stachioned in inside the room had these assinements been put into place the constution would have been satisfied and the plaintiff as well but neather was done.

(ECF No. 20, p. 1) (unedited text).  Plaintiff seeks 1, 295 billion in damages.

## III.  Discussion

Despite multiple opportunities to amend, Plaintiff's second amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a claim.  Accordingly, this action will be dismissed for failure to state a cognizable claim.

### A.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Here, Plaintiff's complaint is short, but does not contain a plain statement of his claims showing that he is entitled to relief.  Plaintiff's complaint is disjointed and difficult to understand, filled with typographical errors and conclusory statements.  Plaintiff's limited factual allegations are not sufficient to clearly state what happened, when it happened and who was involved.

### B.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Here, Plaintiff fails to identify and link "all defendants" to a constitutional violation. Plaintiff simply lumps all defendants together and does not state what each individual did or failed to do that resulted in a constitutional violation.

///

///

### C.   Medical Care & Failure to Protect

As a civil detainee, Plaintiff's rights to medical care and personal safety are protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. Youngberg v. Romeo, 457 U.S. 307, 315 (1982). Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Youngberg, 457 U.S. at 321-22); cf. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (pretrial detainees, who are confined to ensure their presence at trial, are afforded only those protections provided by the Eighth Amendment).  Thus, to avoid liability, Defendants' decisions must be supported by "professional judgment."  Youngberg, 457 U.S. at 323. A defendant fails to use professional judgment when his or her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [he or she] did not base the decision on such a judgment." Youngberg, 457 U.S. at 323.

Here, Plaintiff's allegations fail to state a claim under this standard for his medical care or for his claim of failure to protect.  The Court cannot ascertain from Plaintiff's conclusory statements what happened, where it happened or what the individual defendants did or did not do that violated Plaintiff's constitutional rights.

///
///
///
///
///
///
///
///
///
///

IV.     **Conclusion and Order**

   For the above reasons, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails state a claim for which relief may be granted against any defendant. Despite multiple opportunities, Plaintiff has been unable to cure the deficiencies in his complaint.  Further leave to amend is not warranted.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  Accordingly, Plaintiff's complaint is HEREBY DISMISSED for failure to state a cognizable claim.  All pending motions, if any, are terminated.

IT IS SO ORDERED.

Dated:   **December 15, 2014**                  /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE